Filed 1/10/24  P. v. Jackson CA3

## NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

|  |  |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>TAVARES DESHAWN JACKSON,<br><br>Defendant and Appellant. | C097977<br><br>(Super. Ct. No. STK-CR-FE-2019-0000342) |

In 2021, defendant Tavares Deshawn Jackson pleaded no contest to attempted murder and admitted to the enhancement allegations that he personally inflicted great bodily injury on the victim and personally used a firearm.  In 2022, defendant petitioned for resentencing pursuant to Penal Code section 1172.6.[1]  The trial court denied the

---

[1]     Undesignated statutory references are to the Penal Code.  Defendant petitioned for resentencing under former section 1170.95.  Effective June 30, 2022, the Legislature renumbered former section 1170.95 as section 1172.6 without substantive changes.  (Stats. 2022, ch. 58, § 10.)  We cite to section 1172.6 throughout this opinion.

1

petition at the prima facie stage, concluding defendant was ineligible for relief as a matter of law because the preliminary hearing transcript established he was the actual shooter.

On appeal, defendant argues: (1) the trial court improperly relied on the preliminary hearing transcript to find him ineligible for resentencing, (2) the trial court erroneously engaged in factfinding involving the weighing of evidence or the exercise of discretion at the prima facie stage, and (3) cumulative prejudicial error warrants reversal. We conclude the trial court erred in relying on the preliminary hearing transcript to deny defendant's petition at the prima facie stage. Because nothing else in the record establishes defendant's ineligibility for resentencing as a matter of law, we will remand for the trial court to issue an order to show cause.

## BACKGROUND

An information charged defendant with two counts of attempted murder (§§ 664, 187, subd. (a); counts 1 & 2), being a prohibited person in possession of a firearm (§ 29800, subd. (a)(1); count 3), and being a prohibited person in possession of ammunition (§ 30305, subd. (a)(1); count 4). In connection with counts 1 and 2, the information alleged defendant personally and intentionally discharged a firearm causing great bodily injury (§ 12022.53, subd. (d)), personally inflicted great bodily injury causing the victim to become comatose due to brain injury or to suffer paralysis (§ 12022.7, subd. (b)), and personally inflicted great bodily injury (§ 12022.7, subd. (a)). The information also alleged defendant had a prior strike. (§§ 667, subd. (d), 1170.12, subd. (b).) The trial court granted the prosecution's motion to amend the information to add an enhancement allegation that defendant personally used a firearm. (§ 12022.5, subd. (a).)

In April 2021, defendant pleaded no contest to count 2, attempted murder (§§ 664, 187, subd. (a)) with no willful, deliberate, and premeditated allegation, and admitted the enhancement allegations that he personally inflicted great bodily injury (§ 12022.7, subd. (a)) and personally used a firearm (§ 12022.5, subd. (a)). The parties stipulated the

2

preliminary hearing transcript provided the factual basis for the plea. The trial court dismissed the remaining counts and struck the remaining enhancement allegations. The trial court sentenced defendant to an aggregate determinate prison term of 16 years consisting of the upper term of nine years on count 2, three years for the great bodily injury enhancement, and the middle term of four years on the firearm enhancement.

Following the enactment of Senate Bill No. 775 (2021-2022 Reg. Sess.) (Senate Bill No. 775), defendant filed a petition to have his conviction vacated and for resentencing. He asserted (1) a complaint was filed against him allowing the prosecution to proceed under a theory of attempted murder, (2) he was convicted of attempted murder pursuant to a plea, and (3) based on changes made to sections 188 and 189, he could not presently be convicted of attempted murder. He claimed the prosecution proceeded under the natural and probable consequences doctrine. The trial court ordered a hearing and appointed counsel.

At the prima facie hearing, defendant's attorney argued the charges did not exclude defendant from eligibility and stated, "he certainly could have been prosecuted under a theory of aiding and abetting under the natural and probable consequences doctrine." He further argued defendant's stipulation to the preliminary hearing transcript as the factual basis for the plea was not an admission to the truth of the factual basis, but only permitted the court to conclude that a factual basis for the charges existed. Any factual dispute, defendant's attorney asserted, had to be resolved at an evidentiary hearing.

The trial court denied defendant's petition, concluding he did not establish his prima facie entitlement to relief. The court stated: "The preliminary hearing established that the defendant was the actual shooter. He pled to attempted murder with the use of a gun and personal infliction of great bodily injury. And *People v. Nguyen* [(2020) 53 Cal.App.5th 1154 (*Nguyen*)] and [*People v.*] *Lewis* [(2021) 11 Cal.5th 952 (*Lewis*)] say that the court can take into consideration facts that were established at the preliminary

3

hearing. I don't think I am doing any fact finding or weighing of credibility, it's just the clear theory of [defendant's] case was that he was the direct shooter. [¶] So I'm going to find that [defendant] has not made a prima facie case for relief under . . . section 1172.6."

DISCUSSION

I

*Applicable Legal Principles*

Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Senate Bill No. 1437) amended "the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) Senate Bill No. 1437 achieved this by amending sections 188 and 189.

Section 188, subdivision (a)(3) now provides: "Except as stated in subdivision (e) of Section 189, in order to be convicted of murder, a principal in a crime shall act with malice aforethought. Malice shall not be imputed to a person based solely on his or her participation in a crime."

Senate Bill No. 1437 amended section 189 to limit felony murder liability to: (1) the actual killer; (2) a person who was not the actual killer, but, with the intent to kill, assisted the actual killer in the commission of murder in the first degree; or (3) a person who was a major participant in the underlying felony and acted with reckless indifference to human life. (§ 189, subd. (e); Stats. 2018, ch. 1015, § 3.)

Senate Bill No. 1437 also created, in what is now section 1172.6, a mechanism for individuals convicted of qualifying offenses to petition for resentencing. And, effective January 1, 2022, Senate Bill No. 775 amended section 1172.6 to expand its coverage beyond those convicted of murder to include individuals convicted of "attempted murder under the natural and probable consequences doctrine, or manslaughter . . . ." (Stats. 2021, ch. 551, § 2; § 1172.6, subd. (a).)

4

Section 1172.6, subdivision (a) provides: "A person convicted of felony murder or murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, attempted murder under the natural and probable consequences doctrine, or manslaughter may file a petition with the court that sentenced the petitioner to have the petitioner's murder, attempted murder, or manslaughter conviction vacated and to be resentenced on any remaining counts when all of the following conditions apply: [¶] (1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, or attempted murder under the natural and probable consequences doctrine. [¶] (2) The petitioner was convicted of murder, attempted murder, or manslaughter following a trial or accepted a plea offer in lieu of a trial at which the petitioner could have been convicted of murder or attempted murder. [¶] (3) The petitioner could not presently be convicted of murder or attempted murder because of changes to Section 188 or 189 made effective January 1, 2019."

If a defendant submits a facially sufficient petition, "the court shall hold a hearing to determine whether the petitioner has made a prima facie case for relief." (§ 1172.6, subd. (c).) If the petitioner makes a prima facie showing, the court must issue an order to show cause. (*Ibid*.)

The prima facie bar under section 1172.6, subdivision (c) is " 'very low' " (*Lewis, supra*, 11 Cal.5th at p. 972), and the inquiry at the prima facie stage is "limited" (*id*. at p. 971). " ' "[T]he court takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved." ' " (*Ibid*.) To determine whether the petitioner has made a prima facie showing, the trial court may examine the record of conviction. (*Id*. at pp. 970-971.) The record of conviction will assist the court in distinguishing

5

"petitions with potential merit from those that are clearly meritless." (*Id.* at p. 971.) "In reviewing any part of the record of conviction at this preliminary juncture, a trial court should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' " (*Id.* at p. 972.) " 'However, if the record, including the court's own documents, "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner." ' " (*Id.* at p. 971.) We review de novo a trial court's denial of a section 1172.6 petition at the prima facie stage. (*People v. Ervin* (2021) 72 Cal.App.5th 90, 101.)

II

*Consideration of Preliminary Hearing Transcript*

Defendant asserts that the trial court erred in relying on the preliminary hearing transcript at the prima facie stage to conclude he was ineligible for resentencing. He asserts his stipulation to the preliminary hearing transcript as the factual basis for his plea was not a binding admission for all purposes. We agree.

The parties generally stipulated that the preliminary hearing transcript provided the factual basis for defendant's no contest plea. Defendant did not, however, admit to any specific facts at the plea proceedings. The courts are split on the extent to which they may rely on preliminary hearing transcripts at the prima facie stage.

In *Nguyen*, *supra*, 53 Cal.App.5th 1154, the parties agreed in the trial court as well as on appeal that trial courts at the prima facie stage may consider transcripts from preliminary hearings and plea proceedings as they are part of the record of conviction. (*Id.* at pp. 1162, fn. 8, 1166.) The *Nguyen* court concluded the transcripts from the preliminary hearing and plea hearing established the defendant was not entitled to relief as a matter of law because they established he was convicted of second degree murder as a direct aider and abettor, the only theory advanced by the prosecutor. (*Id.* at p. 1166.)

In *People v. Rivera* (2021) 62 Cal.App.5th 217 (*Rivera*), by contrast, the appellate court held that the defendant's stipulation to the grand jury transcript as the factual basis

6

for his plea did not constitute an admission that he acted with actual malice. (*Id.* at p. 235.) The court noted that "[u]nder section 1192.5, a trial court taking a plea must make 'an inquiry . . . of the defendant to satisfy itself . . . that there is a factual basis for the plea.' 'The factual basis required by section 1192.5 does not require more than establishing a prima facie factual basis for the charges.' " (*Rivera*, at p. 235.) "[A]bsent an indication that a defendant admitted the truth of particular facts, the stipulation to a factual basis for the plea does not 'constitute[] a binding admission for all purposes.' [Citations.] For our purposes, this means that [the defendant] did not admit to the truth of any of the evidence presented to the grand jury, and that evidence therefore cannot be used to demonstrate that he admitted to acting with actual malice." (*Ibid.*)

In *People v. Flores* (2022) 76 Cal.App.5th 974, the court rejected the defendant's contention that the preliminary hearing transcript cannot be considered at the prima facie stage because it is not part of the record of conviction. (*Id.* at p. 989, fn. 11.) However, consistent with *Rivera*, the court concluded the preliminary hearing transcript did not establish the defendant's ineligibility as a matter of law. (*Id.* at p. 991.) Although the parties stipulated that the preliminary hearing transcript, as well as police reports, provided the factual basis for the plea (*id.* at p. 982), the defendant did not admit the truth of the relevant testimony from the preliminary hearing (*id.* at p. 991). Echoing *Rivera*, the *Flores* court stated the defendant's stipulation was "not a ' "binding admission for all purposes." ' " (*Flores*, at p. 991.) However, the court went on to determine that, even if it was, the preliminary hearing testimony did not establish the defendant's ineligibility as a matter of law. (*Id.* at pp. 991-992.)

Conversely, in *People v. Patton* (2023) 89 Cal.App.5th 649, review granted June 28, 2023, S279670, the trial court relied on uncontroverted preliminary hearing testimony that the defendant approached the victim and fired several shots at him, and that the defendant was the sole perpetrator. (*Id.* at p. 657.) The court concluded that, as the sole perpetrator of the attempted murder, the defendant was ineligible for

resentencing. (*Ibid*.) The court rejected the defendant's contention that the trial court engaged in impermissible factfinding at the prima facie stage, noting that the evidence was uncontroverted, and thus no factfinding, weighing of the evidence, or credibility determinations were required. (*Id*. at p. 658.)

The California Supreme Court granted review in *Patton* to consider whether the trial court engaged in impermissible judicial factfinding by relying on the preliminary hearing transcript to deny the defendant's petition at the prima facie stage, and thus will resolve the issue. (*People v. Patton*, *supra*, 89 Cal.App.5th 649, review granted.) In the meantime, we conclude that the trial court in this case erred in relying on the preliminary hearing testimony at the prima facie stage to determine defendant was ineligible for relief, as this amounted to impermissible factfinding.

Defendant submitted a facially sufficient petition. As for the record of conviction, at the plea proceedings, he stipulated that the preliminary hearing transcript provided the factual basis for his plea. However, we agree that a general stipulation to the preliminary hearing transcript as providing a factual basis for the plea does not constitute an admission to the truth of all testimony at that hearing for all purposes. (*Rivera*, *supra*, 62 Cal.App.5th at p. 235; *People v. Flores*, *supra*, 76 Cal.App.5th at p. 991.) Defendant, at the plea proceedings, did not expressly admit to any specific facts, either himself or through counsel, as defendants sometimes do at such proceedings. (See, e.g., *People v. Fisher* (2023) 95 Cal.App.5th 1022, 1028 [the defendant, the only person charged, admitted at the plea proceeding that he entered an apartment, shot and killed victims in two counts, and shot and injured a victim in a third count; trial court properly relied on plea colloquy in making credibility determination adverse to the defendant and denying petition].)

Under the circumstances of this case, we conclude that reliance on the preliminary hearing testimony to determine whether defendant is eligible for relief as a matter of law would result in judicial factfinding which is impermissible at the prima facie stage.

8

(*Lewis*, *supra*, 11 Cal.5th at pp. 971-972.)  Doing so would require the court to determine whether the account of the shooting offered by the one percipient nonhearsay witness was true and established ineligibility for relief as a matter of law.  In other words, it would require " 'factfinding involving the weighing of evidence or the exercise of discretion,' " which is impermissible at the prima facie stage.  (*Id*. at p. 972.)

III

*Factfinding at the Prima Facie Stage and Prejudice*

Defendant asserts the trial court erred in engaging in factfinding involving the weighing of evidence or the exercise of discretion at the prima facie stage.  Given that the trial court relied on the preliminary hearing transcript as the basis for its determination, our discussion in part II of the Discussion largely resolves this issue.

Defendant filed a facially sufficient petition for resentencing.  The information generically charged attempted murder.  (See *Rivera*, *supra*, 62 Cal.App.5th at p. 233 [generic manner in which murder was charged did not limit the People to prosecuting the defendant on any particular theories].)  Defendant did not make any factual admissions at the plea proceeding.  We have concluded the trial court erroneously relied on the preliminary hearing transcript to conclude defendant was ineligible for relief.  Additionally, defendant's admission to the enhancement allegations that he personally inflicted great bodily injury (§ 12022.7, subd. (a)) and personally used a firearm (§ 12022.5, subd. (a)) did not establish his ineligibility for relief as a matter of law (cf. *People v. Cooper* (2020) 54 Cal.App.5th 106, 125 [personal use of a deadly weapon and personal infliction of great bodily injury enhancement allegations do not necessarily prevent the prosecution from trying the defendant on a theory of felony murder or natural and probable consequences]).  There is nothing else in the record establishing defendant's ineligibility for relief as a matter of law.

In the absence of any permissible basis on which to conclude defendant is ineligible for relief as a matter of law, we cannot conclude the trial court's error in

9

considering the preliminary hearing testimony was harmless; it is reasonably probable defendant would have obtained a more favorable result absent the error.  (See *People v. Watson* (1956) 46 Cal.2d 818, 836 [state law harmless error standard]; *Lewis*, *supra*, 11 Cal.5th at pp. 972-974 [applying *Watson* to error at § 1172.6 prima facie stage].) Accordingly, we must reverse and remand for the trial court to issue an order to show cause.  (§ 1172.6, subd. (d).)  In light of our determination, we need not address defendant's cumulative error argument.

DISPOSITION

The trial court's order denying defendant's section 1172.6 petition is reversed. The case is remanded to the trial court for issuance of an order to show cause.

\s\
Krause, J.

We concur:

\s\
Duarte, Acting P. J.

\s\
Renner, J.